IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BRENDA STUBBS PODOLL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:17-cv-534-GMB |
| | ) | |
| NANCY A. BERRYHILL, Acting | ) | [wo] |
| Commissioner, Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Brenda Stubbs Podoll applied for supplemental security income and disability insurance benefits under the Social Security Act, alleging a disability onset date of May 1, 2014. Doc. 13-2 at 18. Podoll's claim was denied at the initial administrative level. She requested a hearing before an Administrative Law Judge ("ALJ") and the ALJ found her not disabled. Doc. 13-2 at 27. The Appeals Council denied her request for review. Doc. 13-2 at 2. The Commissioner's final decision is subject to judicial review. 42 U.S.C. §§ 405(g) & 1383(c)(3). Podoll later filed a complaint seeking review of the Commissioner's final decision in this court.

Pursuant to 28 U.S.C. § 636(c)(1) and Rule 73 of the Federal Rules of Civil Procedure, the parties have consented to the full jurisdiction of the undersigned United States Magistrate Judge. Docs. 8 & 9. Based upon a review of the evidentiary record, the parties' briefs, and the relevant authority, the court finds that the Commissioner's decision is due to be AFFIRMED, as set forth below.

# I. STANDARD OF REVIEW

The court reviews a Social Security appeal to determine whether the Commissioner's decision "is supported by substantial evidence and based upon proper legal standards." *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997). The court will reverse the Commissioner's decision if it is convinced that the decision was not supported by substantial evidence or that the proper legal standards were not applied. *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991). The court "may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner," but rather it "must defer to the Commissioner's decision if it is supported by substantial evidence." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1997) (internal quotation marks omitted). "Even if the evidence preponderates against the Secretary's factual findings, [the court] must affirm if the decision reached is supported by substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Moreover, reversal is not warranted even if the court itself would have reached a result contrary to that of the factfinder. *See Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

The substantial evidence standard is met "if a reasonable person would accept the evidence in the record as adequate to support the challenged conclusion." *Holladay v. Bowen*, 848 F.2d 1206, 1208 (11th Cir. 1988) (quoting *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983)). The requisite evidentiary showing has been described as "more than a scintilla, but less than a preponderance." *Bloodsworth*, 703 F.2d at 1239. The court must scrutinize the entire record to determine the reasonableness of the decision reached and cannot "act as [an] automaton[] in reviewing the [Commissioner's] decision." *Hale v.*

*Bowen*, 831 F.2d 1007, 1010 (11th Cir. 1987). Thus, the court must consider evidence both favorable and unfavorable to the Commissioner's decision. *Swindle v. Sullivan*, 914 F.2d 222, 225 (11th Cir. 1990).

The court will reverse the Commissioner's decision on plenary review if the decision applies incorrect law or fails to provide the court with sufficient reasoning to determine that the Commissioner properly applied the law. *Id.* (citing *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994)). There is no presumption that the Commissioner's conclusions of law are valid. *Id.*

## II. STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits, a claimant must show the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A claimant bears the burden of proving that he is disabled, and he is responsible for producing evidence to support his claim. *See Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

A determination of disability under the Social Security Act requires a five-step analysis. 20 C.F.R. § 404.1520(a). The Commissioner must determine in sequence:

(1) Is the claimant performing substantial gainful activity?

(2) Does she have a severe impairment?
(3) Does she have a severe impairment that equals one of the specific impairments set forth in 20 C.F.R. Pt. 404, Sub pt. P, App. 1?
(4) Is the claimant able to perform past relevant work?
(5) Is the claimant unable to perform other work given her residual functional capacity (RFC), age, education, and work experience?

*See Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); *Frame v. Comm'r, Soc. Sec. Admin.*, 596 F. App'x 908, 910 (11th Cir. 2015). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986) (quoting 20 C.F.R. § 416.920(a)−(f)). "Once the finding is made that a claimant cannot return to prior work the burden of proof shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citing *Gibson v. Heckler*, 762 F.2d 1516 (11th Cir. 1985)).

## III. FACTUAL BACKGROUND AND ADMINISTRATIVE PROCEEDINGS

The ALJ found that Podoll had the following severe impairments: a bulging disc in her neck and back, migraines, fibromyalgia, and status-post right knee surgery. Doc. 13-2 at 20. The ALJ concluded that Podoll's hypertension, hammertoe, esophageal reflux, allergic rhinitis, and chest pains were non-severe impairments. Doc. 13-2 at 20. The ALJ concluded that Podoll's impairments did not individually or collectively meet or equal any of the impairments listed in 20 C.F.R. pt. 404, Sub pt. P, App 1. R. 133. Doc. 13-2 at 21.

During the administrative hearing, the ALJ asked the vocational expert ("VE") a hypothetical question assuming the claimant's age, education, and work experience at the

light exertional level who can occasionally stoop, crouch, kneel, and balance; frequently climb stairs and ramps and reach overhead; never crawl or be exposed to hazardous conditions such as unprotected heights or be around machinery; avoid exposure to extreme cold, heat, wetness, humidity, dust and fume; and should not drive commercial vehicles. Doc. 13-2 at 55–56. The VE opined that with those limitations a claimant could perform Podoll's past work and other jobs in the economy. Doc. 13-2 at 56–57. The ALJ then gave a second hypothetical assuming the same limitations, but adding that the individual would be absent from work for three days per month. Doc. 13-2 at 59. The VE testified that this hypothetical claimant could not perform past relevant work or any other work. Doc. 13-2 at 59.

The ALJ found that Podoll retained the RFC to perform light work and could return to past relevant work. Doc. 13-2 at 22. Ultimately, the ALJ concluded that Podoll was not disabled within the meaning of the Social Security Act. Doc. 13-2 at 28.

Podoll requested review of the ALJ's decision before the Appeals Council and presented new evidence in the form of medical source statements from Dr. Roger Kemp and Dr. Hamp Greene. Docs. 13-2 at 9 & 11-1 at 1. Dr. Kemp assigned a disability date of June 2015. Doc. 11-1 at 1. Dr. Greene's statement is dated May 19, 2017. Doc. 13-2 at 9. The Appeals Council denied review. The Appeals Council stated its rationale for denying review as follows:

> You submitted medical source statement from Roger Kemp MD dated January 27, 2017 (4 pages). We find this evidence does not show a reasonable probability that it would change the outcome of the decision. We did not consider and exhibit this evidence.

> You submitted a medical source statement from Hamp Greene MD dated May 19, 2017 (1 page). The Administrative Law Judge decided your case through March 24, 2017. This additional evidence does not relate to the period at issue. Therefore, it does not affect the decision about whether you were disabled beginning on or before March 24, 2017.

Doc. 13-2 at 3.

## IV. DISCUSSION

Podoll presents two issues for review: (1) whether the ALJ erred in failing to include expected absences in her RFC and in failing to explain her reasoning adequately, and (2) whether the Appeals Council erred as a matter of law by refusing to remand this case to the ALJ despite new and material evidence from a treating physician. The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed. Having carefully considered the parties' arguments, the record, and the applicable legal authority, and for the reasons set forth below, the undersigned finds that the Commissioner's decision is due to be affirmed.

### A. Expected Absences

Podoll argues that the ALJ erred because she did not incorporate into her RFC a medical opinion that Podoll would be absent from work for three days per month. Podoll states that the ALJ did not make a finding regarding absences even though the ALJ posed a hypothetical question to the VE about an individual who is absent from work for three days per month. Podoll cites to cases in which an ALJ erred by not including all of the claimant's limitations in his hypothetical to the VE, *see e.g.*, *Rease v. Barnhart*, 422 F. Supp. 2d 1334, 1376 (N.D. Ga. 2006), or in failing to consider the VE's response. *See Grimes v. Barnhart*, 2006 WL 1075253 (N.D. Ala. April 6, 2006).

6

This case is a different animal, however. The ALJ asked the VE a hypothetical question assuming the claimant's age, education, and work experience at the light exertional level who can occasionally stoop, crouch, kneel, and balance; frequently climb stairs and ramps and reach overhead; never crawl or be exposed to hazardous conditions such as unprotected heights or be around machinery; avoid exposure to extreme cold, heat, wetness, humidity, dust and fume; and should not drive commercial vehicles. Doc. 13-2 at 55–56. The ALJ then gave a second hypothetical assuming these limitations but adding the wrinkle that the individual would be absent from work for three days per month. Doc. 13-2 at 59.

The law requires an ALJ to pose hypothetical questions to a VE that include all of the claimant's impairments. *Washington v. Social Sec. Admin., Comm'r*, 503 F. App'x 881, 883 (11th Cir. 2013). But the ALJ is "not required to include findings in the hypothetical that the ALJ had properly rejected as unsupported." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004). The absence limitation was included in a medical opinion that the ALJ gave only partial weight. Doc. 13-2 at 24. The ALJ instead relied on the VE's testimony based on a hypothetical that the ALJ found to be supported by the evidence. The ALJ did not err in doing so. *See Crawford*, 363 F.3d 1161.

Podoll's second argument is that the ALJ did not adequately explain her rejection of the limitation of three days of absence per month. Podoll points to the testimony of the treating physician, Dr. Fuentes, who said that Podoll would likely be absent from work for three days per month. Doc. 13-16 at 61. Podoll notes that the ALJ pointed to a range of activities which she could perform, but argues that these findings do not negate an opinion

7

that Podoll would be absent from work for three days per month. Without a clear explanation for why the ALJ did not include the absence limitation in the RFC, Podoll claims that this court cannot determine whether the ALJ's decision was supported by substantial evidence. For this proposition, she relies on *Watkins v. Comm'r of Soc. Sec.*, 457 F. App'x 868 (11th Cir. 2012). In *Watkins*, the ALJ gave great weight to the evaluation of a physician but failed to incorporate one of the physician's limitations into the RFC finding or give a reason for not doing so. *Id.* at 871. The court explained that although the "ALJ is not required to specifically refer to every piece of evidence in the record, he is required to sufficiently explain the weight he has given to obviously probative exhibits." *Id.* (citation omitted).

The Commissioner argues that the ALJ in this case adequately explained why she gave the treating physician's opinion less weight, and also states that Dr. Fuentes did not tie the opinion regarding absences to Podoll's migraine headaches. "It is well-established that the testimony of a treating physician must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004). The ALJ must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is reversible error. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir.1997). "Good cause" exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id.* When electing to disregard the opinion of a

treating physician, the ALJ must clearly articulate its reasons. *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004).

The ALJ did not ignore the absence limitation in Dr. Fuentes' opinion, but instead expressly noted in her decision that Dr. Fuentes "opined the claimant would likely be absent from work three days per month because of her impairments or treatment." Doc. 13-2 at 24. The ALJ gave "partial weight to Dr. Fuentes' assessment at exhibit 16F," and explained that she afforded Dr. Fuentes' opinion partial weight "as far as it comports with the limitations set forth in the residual functional capacity assessment as cited within the body of this decision." Doc. 13-2 at 27. Dr. Fuentes had indicated the claimant had minimal physical limitations, but then assessed pain symptoms which are inconsistent with other evidence of record as well as "her own medical progress notes." Doc. 13-2 at 27. The ALJ therefore gave "probative value to all physician notes/reports which document impairments, but not the level of severity that would render her totally disabled." Doc. 13-2 at 27. The ALJ also pointed to record evidence that the claimant needs no assistance with daily living, that she can do a range of activities, that she does yoga and body pump exercises, and helps her daughter care for her grandchildren. Doc. 13-2 at 27.

This case is distinct from the *Watkins* decision offered by Podoll. The *Watkins* ALJ afforded great weight to the physician's opinion, but then without explanation did not adopt one of the findings. In this case, the ALJ gave the opinion of the treating physician only partial weight to the extent that it was consistent with physical limitations, but not the level of severity of pain symptoms. The ALJ thus articulated why she gave Dr. Fuentes' opinion only partial weight, finding opinions as to pain symptoms to be inconsistent with medical

9

evidence and the claimant's daily activities. Because "the ALJ articulated specific reasons for failing to give [the physician's] opinion controlling weight," the ALJ did not err. *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005).

**B.     New Evidence**

Podoll's second issue before this court arises from her request for review by the Appeals Council. Podoll points to the new evidence she submitted to the Appeals Council in the form of opinions from treating physicians Dr. Kemp and Dr. Greene, and complains that the Appeals Council failed to consider this new evidence or to explain its refusal to do so.

The Appeals Council's responsibilities are set forth in the regulatory scheme. "[I]n reviewing decisions based on an application for benefits, the Appeals Council will only consider additional evidence under paragraph (a)(5) of this section if you show good cause for not informing us about or submitting the evidence as described in § 416.1435." 20 C.F.R. § 416.1470(b). If a claimant submits "additional evidence that does not relate to the period on or before the date of the administrative law judge hearing decision" then "the Appeals Council will send you a notice that explains why it did not accept the additional evidence and advises you of your right to file a new application." 20 C.F.R. § 416.1470(c). The Appeals Council, while not required to make specific findings of fact, must consider additional evidence that is new, material, and chronologically relevant. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007) (stating that the "Appeals Council must consider new, material, and chronologically relevant evidence and must review the case if 'the administrative law judge's action, findings, or conclusion is contrary

to the weight of the evidence currently of record'"). The Appeals Council does not have to consider new evidence if it determines that the evidence is not chronologically relevant. *See Hargress v. Social Sec. Comm'r*, 883 F.3d 1302, 1310 (11th Cir. 2018).

> In this case, the Appeals Council made the following findings:
>
> You submitted medical source statement from Roger Kemp MD dated January 27, 2017 (4 pages). We find this evidence does not show a reasonable probability that it would change the outcome of the decision. We did not consider and exhibit this evidence.
>
> You submitted a medical source statement from Hamp Greene MD dated May 19, 2017 (1 page). The Administrative Law Judge decided your case through March 24, 2017. This additional evidence does not relate to the period at issue. Therefore, it does not affect the decision about whether you were disabled beginning on or before March 24, 2017.

Doc. 13-2 at 3. Podoll argues that this decision reflects that the Appeals Council did not sufficiently evaluate the evidence from Roger Kemp and did not explain why the evidence from Dr. Greene does not relate to the period at issue.

The Commissioner responds, correctly, that the Appeals Council is not required to explain its rationale for denying a request for review. *See Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 784 (11th Cir. 2014). In *Hargress v. Social Security Administration*, 883 F.3d 1302, 1309 (11th Cir. 2018), the Eleventh Circuit noted that the Appeals Council found that certain "new records were 'about a later time' than the ALJ's February 24, 2015 hearing decision and '[t]herefore' the new records did 'not affect the decision about whether [Hargress was] disabled beginning on or before February 24, 2015.'" The Eleventh Circuit interpreted this statement to mean that "the Appeals Council declined to consider these new records because they were not chronologically relevant" and held that

11

"the Appeals Council was not required to give a more detailed explanation or to address each piece of evidence individually." *Id.*

In this case, with respect to Dr. Greene's evidence, the Appeals Council noted that the date was later than the hearing decision, found that it did not relate to the relevant time, and concluded that it did not affect the decision of whether Podoll was disabled. Doc. 13-2 at 3. This statement of its reason for not considering the evidence is consistent with the statement in *Hargress* endorsed by the Eleventh Circuit as a sufficient explanation for its decision not to consider the evidence. *Id.*

On the other hand, the Appeals Council found that there was no reasonable probability that he evidence from Dr. Kemp would change the outcome of its decision. Doc. 13-2 at 3. Evidence is material if "there is a reasonable possibility that the new evidence would change the administrative outcome." *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir.1987). The Appeals Council's statement, therefore, is not a statement that it did not evaluate the evidence, but a statement that it did not find the evidence material and, therefore, did not consider it. The court finds this statement to be sufficient. *Hargress*, 883 F.3d at 1309.

Although the Appeals Council is not required to give any additional explanation, this court must review the decision not to consider evidence as a question of law. *See Falge v. Apfel*, 150 F.3d 1320, 1324 (11th Cir. 1998). When "the Appeals Council refuses to consider new evidence submitted to it and denies review," then "courts will have to look at the pertinent evidence to determine if the evidence is new and material, the kind of evidence the [Appeals Council] must consider in making its decision whether to review an

ALJ's decision." *Id.*; *see also Hargress*, 883 F.3d at 1309–10 (analyzing whether new evidence should have been considered).

Dr. Greene's medical opinion is dated May 19, 2017. Doc. 13-2 at 9. Although Podoll argues that Greene treated her as early as 2013 and therefore the evidence relates to the relevant period, the document asks for a number of days the patient "is" likely to be absent, and nothing on the document indicates that the opinion is intended to relate to a previous time period. Doc. 13-2 at 9. This court cannot conclude, therefore, that the Appeals Council erred in determining that the evidence was not chronologically relevant. *See Hargress*, 883 F.3d at 1309–10 (noting that nothing in the new medical records indicates a relationship to the period at issue).

With respect to the Dr. Kemp, the records reflect an opinion that the earliest Podoll was unable to sustain full-time work is "on or about June 2015." Doc. 11-1 at 1. The court agrees with the Commissioner that this evidence on its face, in as much as it posits a disability date of June 2015, is not consistent with Podoll's other evidence and her claim of disability beginning in 2014. Therefore, without more this court cannot conclude that there is a reasonable possibility that the new evidence would change the administrative outcome. *Cf. Hargress*, 883 F.3d at 1310 (stating that certain evidence could not have changed the administrative result because the opinion contradicted the doctor's other records).

Having determined that the Appeals Council did not err in not considering the evidence, this court is not required to address whether the denial of benefits was erroneous when this new evidence is considered. *Id.*

## V. CONCLUSION

Based on the foregoing, the undersigned concludes that the Commissioner's decision is supported by substantial evidence and based upon the proper legal standards. It is therefore ORDERED that the decision of the Commissioner denying benefits is AFFIRMED. A final judgment will be entered separately.

DONE this 18th day of October, 2018.

/s/ Gray M. Borden
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE